IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| BETTY ANN McKINNEY | : | NO. 11-564-8 |

MEMORANDUM

Bartle, J.                                      October 6, 2011

        Before the court is the appeal of the United States
from an Order of a magistrate judge granting pretrial release to
defendant Betty Ann McKinney and a motion of the United States
for pretrial detention of defendant McKinney.  We review de novo
an order from a magistrate judge granting a criminal defendant
pretrial release.  See 18 U.S.C. § 3145(a); United States v.
Delker, 757 F.2d 1390, 1395 (3d Cir. 1985).

        McKinney is one of fifteen defendants charged in a
sixty-count indictment related to a drug distribution network the
government alleges the defendants operated in the vicinity of 5th
and Christian Streets in Philadelphia, Pennsylvania.  McKinney is
named a defendant in five of the sixty counts.  The indictment
charges her with conspiracy to distribute 280 grams or more of
cocaine base in violation of 21 U.S.C. § 846 (Count I);
maintaining a drug house in violation of 21 U.S.C. § 856 (Count
XII); use of a communication facility to facilitate a drug felony
in violation of 21 U.S.C. § 843(b) (Count XIII); and two separate

counts of distribution of cocaine base in violation of 21 U.S.C. § 841 (Counts XXXIII and L).

McKinney appeared before a magistrate judge on October 4, 2011 for an arraignment and a hearing on the government's motion for pretrial detention (Doc. #47).  At the conclusion of the hearing, the magistrate judge denied the government's motion and granted pretrial release on stated conditions.  The magistrate judge's Order requires McKinney to post $25,000 O/R bail, undergo random drug testing and drug and alcohol treatment, submit to 24-hour electronic monitoring at her home, remain within this judicial district, refrain from obtaining a passport, and to have no contact with co-defendants or witnesses in this case.  This court granted the United States a stay of the magistrate judge's Order and held an evidentiary hearing on October 5, 2011.  At the hearing, the court heard testimony from two government investigators and from McKinney's husband, Ronald Gay.

The Bail Reform Act governs the issue of pretrial detention.  18 U.S.C. § 3142.  A person is either to be (1) released on personal recognizance or upon execution of an unsecured bond; (2) released on conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  Id. at § 3142(a).  Because McKinney allegedly conspired to distribute over 280 grams of cocaine base, she faces a maximum prison term in excess of ten years.  See 21 U.S.C. §§ 841(b)(1)(A)(iii), 846.  Accordingly, a

-2-

rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] ... as required and the safety of ... the community ...." 18 U.S.C. § 3142(e)(3)(A).

In deciding whether there are any conditions of release that will achieve these goals, the Bail Reform Act requires us to consider the following factors:

> (1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person, including --
>
> > (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release ....

18 U.S.C. § 3142(g).

We acknowledge that McKinney is charged with serious crimes involving the distribution of narcotics.  If convicted,

-3-

she faces a possible life sentence.  The government clearly has
evidence of McKinney's involvement in these crimes, including
telephone records and video and audio recordings that implicate
her.  While McKinney has previous convictions for two counts of
possession with intent to distribute, they occurred over 25 years
ago, in 1985 in New York.

The evidence introduced at the hearing shows that
McKinney was no more than a street-level seller in the larger
criminal enterprise alleged in the indictment.  The several
individual transactions referenced at the hearing involved small
quantities of drugs sold for small amounts of money.  Further,
McKinney was dependent upon others to obtain the drugs she
allegedly resold, and all those who allegedly supplied those
drugs are in custody pending trial in this matter.  Thus, we do
not share the government's concern about returning McKinney to
the apartment she is accused of having used as a drug house.  In
our view, McKinney does not pose a threat to the community
pending trial in light of the conditions the magistrate judge has
imposed.

McKinney is 49 years old and has no formal education.
She hails from New York and is known to others by the name "New
York," but she has lived in Philadelphia for over two decades.
For approximately 15 to 17 of those years, she has lived with
Ronald Gay, who she formally married in December 2006.  Although
McKinney may still have family members in New York, she is not in
contact with them and has not visited New York during the entire

-4-

time she has been in a relationship with Gay. He is a lifelong Philadelphian who has no family members outside of the city. McKinney and Gay have lived in the same apartment in the Queen Village section of Philadelphia for the last eight years. McKinney does not have a passport.

In addition, Gay is in poor health. He suffers from several maladies that prevent him from working, including hypertension and coronary artery disease, and McKinney cares for him by ensuring he takes all required medications and eats appropriate food. Gay and McKinney also have limited means with which to flee. Gay's only income is his modest Social Security disability benefits. McKinney, with no education, has never had legitimate employment and receives only a small amount of food stamps monthly. Her medical records demonstrate that she has certain health-related issues which require attention. It is also clear that McKinney and her husband are closely tied to the neighborhood in which they live. With the 24-hour electronic monitoring and home confinement ordered by the magistrate judge, we find there is not a significant risk that McKinney will flee the jurisdiction.

Considering all of these facts, McKinney has rebutted the presumption that no set of conditions for pretrial release will assure her appearance at trial and the safety of the community. We find no error in the pretrial release of McKinney with the conditions ordered by the magistrate judge and will affirm her Order of October 4, 2011.

-5-